# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. DAVIS-LILLY, | ) | CASE NO. 1:20-cv-1261 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay (Doc. No. 22) with respect to plaintiff Anthony J. Davis-Lilly's ("Davis-Lilly" or "plaintiff") complaint for judicial review of defendant Commissioner of Social Security's ("Commissioner" or "defendant") determination with respect to Davis-Lilly's applications for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Davis-Lilly filed objections to the R&R (Doc. No. 23) and the Commissioner filed a response to the objections (Doc. No. 24). Upon *de novo* review, and for the reasons set forth below, the Court hereby overrules Davis-Lilly's objections.

**I.  BACKGROUND**

This is an unusual case in that it has been ruled on several times, both administratively and judicially. Davis-Lilly filed his application for POD, DIB, and SSI on June 30, 2010, alleging a disability onset date of February 1, 2009. The claims were denied initially and on reconsideration. He requested a hearing by an Administrative Law Judge ("ALJ"), who on June 20, 2012, issued a decision finding Davis-Lilly not disabled. The Appeals Council denied his request for

administrative review and Davis-Lilly sought judicial review. *See Davis-Lilly v. Comm'r*, Case No. 1:13-cv-1983 (N.D. Ohio). By order dated June 3, 2014, another judge of this court reversed the Commissioner's decision and remanded for further proceedings, concluding that the opinion of one Dr. Pickholtz had not been adequately evaluated and expressly directing the ALJ to obtain clarification of Dr. Pickholtz's opinion. (Doc. No. 15, Transcript at 889.[1])

After a new hearing, a second ALJ issued a decision on May 8, 2015 finding Davis-Lilly not disabled. Davis-Lilly appealed and the Appeals Council remanded to the Commissioner, concluding that the ALJ's decision did not comply with the order of the district court. A third hearing was conducted by a third ALJ, who, on August 30, 2017, found Davis-Lilly not disabled. The Appeals Council once again remanded because the ALJ's decision still failed to comply with the district court's order. The Appeals Council directed the ALJ as follows:

> Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p), including the evidence provided by Dr. Pickholtz at Exhibits 11A and Exhibit 12F. In so doing, evaluate the treating and nontreating source opinion[s] pursuant to the provisions of 20 CFR 404.1527 and 416.927 and nonexamining source opinion[s] in accordance with the provisions of 20 CFR 404.1527 and 416.927, and explain the weight given to such opinion evidence using *current* Social Security policy rulings. As appropriate, the Administrative Law Judge may request the treating and nontreating source[s] provide additional evidence and/or further clarification of the opinion[s] and medical source statements about what the claimant can still do despite the impairments (20 CFR 404.1520b and 416.920b).

(*Id*. at 890.) After two more hearings and receipt of additional evidence, a fourth ALJ issued a partially favorable decision for Davis-Lilly on February 5, 2020, finding that, although he was not

---

[1] Page number references to the administrative transcript are to the bates numbers applied to the lower right-hand corner of each page. All other page number references herein are to the consecutive page numbers applied to individual documents by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

disabled as of his alleged onset date, he "became disabled on [April 27, 2016] and has continued to be disabled through the date of this decision." (*Id*. at 891.) After the Appeals Council denied a request for review, this lawsuit followed.

On August 27, 2021, Magistrate Judge Clay issued his R&R recommending that the Commissioner's decision be affirmed.

## II.     DISCUSSION

### A.     Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

Judicial review of the Commissioner's decision, however, is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

**B.     Analysis**

In his applications for benefits, Davis-Lilly claimed a disability onset date of February 1, 2009; but the fourth ALJ made the following RFC determination:

> After careful consideration of the entire record, the undersigned finds that prior to April 27, 2016, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climb stairs/ramps, no climbing ladders, ropes, or scaffolding; occasional balance, stoop, kneel, crouch, crawl; frequently reach in all directions; frequently handle, finger and feel; no exposure to unprotected heights, concentrated vibration, direct sunlight; no more than moderate noise level; **perform simple routine tasks with simple short instructions, simple decisions, few workplace changes, no fast pace production quotas, superficial interaction with coworkers and supervisors, but no interaction with the public.**

(Doc. No. 15 at 896 (emphasis added).) The ALJ explained that "[i]n making this finding, [she] considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p[,] . . . [and] also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927." (*Id*. at 897.) The ALJ then set forth in detail all that she considered (*id*. at 897–905), and ultimately concluded that "[p]rior to April 27, 2016, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (*Id*. at 907 (regulatory citations omitted).)

For the period beginning April 27, 2016, the ALJ added to the above RFC: "and needs four additional breaks lasting ten minutes each." (*Id*. at 905.) She found that "beginning on April 27, 2016, the claimant's allegations regarding his symptoms and limitations are consistent with the evidence." (*Id*.) The ALJ concluded that, "[b]eginning on April 27, 2016, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that

4

exist in significant numbers in the national economy that the claimant can perform" (*id*. at 908) and, therefore, for purposes of DIB and SSI, Davis-Lilly was disabled (*id*. at 908–09).

Davis-Lilly objects in only one respect: the R&R's conclusion regarding the ALJ's treatment of the opinion of Dr. Caroline Lewin, Ph.D., a non-treating State agency psychological consultant, as it relates to the language in bold in the quoted RFC above for the period prior to April 27, 2016. Davis-Lilly maintains that, although "it appears that the [R&R] is claiming that the ALJ looked favorably upon Dr. Lewin's opinions and found those opinions to be credible" (Doc. No. 23 at 2), the R&R nonetheless erred in not rejecting the ALJ's conclusions because "the ALJ's residual functional capacity does not adequately account for Dr. Lewin's opinions." (*Id*.) Davis-Lilly argues that the ALJ failed to include in the RFC certain limitations identified by Dr. Lewin, namely, "[a] need for a work environment that does not include being around a lot of coworkers" and "a work environment that requires a need for supervisory prompts to persist at tasks." (*Id*. at 3.)

Although acknowledging that "the ALJ was under no obligation to adopt or give any degree of weight to any specific opinion in the record," (*id*. at 4), *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("[e]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale"), Davis-Lilly nonetheless argues that it was error for the R&R to accept the ALJ's conclusions regarding Dr. Lewin's opinion because, "[m]ore importantly, the ALJ failed to provide any sort of explanation as to why the credible opinions opined by Dr. Lewin were not accounted for in the residual functional capacity." (Doc. No. 23 at 4 (citing cases).)

The Court disagrees that there was any error. Dr. Lewin was not a treating source. Therefore, "the reason-giving requirement is inapplicable to [her] opinions." *Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 259 (6th Cir. 2016) (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("[T]he SSA requires ALJs to give reasons for only *treating* sources.") (emphasis in original)). In any event, as relevant to plaintiff's objection, the ALJ specifically discussed the March 2011 opinion rendered by Dr. Lewin, who opined that "the claimant should be able to cope with simple instructions in a routine setting, concentrate most of the time and may function best without being around many coworkers[,]" and then concluded "that the claimant may need supervisory prompts to persist at tasks." (Doc. No. 15 at 904.) The ALJ stated: "As the opinion [of Dr. Lewin] is *not inconsistent* with the assigned mental residual functional capacity, the undersigned has also given this opinion some weight." (*Id.* (italics added).)[2]

In other words, the ALJ determined that, even if Dr. Lewin may had suggested a couple additional limitations, her opinion was still sufficiently included in the RFC as crafted by the ALJ. As already noted, "there is no requirement that an ALJ adopt the entirety of a state expert opinion, . . . or that the ALJ provide an explanation for why certain limitations proposed by the expert were not incorporated into his residual functional capacity assessment." *Smith v. Comm'r of Soc. Sec.*, No. 13-3578, slip op. at 3 (6th Cir. Jan. 30, 2014) (noting that "[t]he residual functional capacity

---

[2] The Court notes that, in his original brief before the Magistrate Judge, Davis-Lilly criticized this statement, arguing that "[t]he ALJ already had a predetermined residual functional capacity and used that to discredit the opinions of the state agency reviewing expert." (Doc. No. 16 at 11.) Davis-Lilly is correct that, if this is what the ALJ did, it would have been a "backwards analysis[.]" (*Id.*) One does not *start* with the RFC and judge the opinions against it; rather, one first assigns weight to the various opinions and then constructs the RFC based on the weights assigned and the information contained in the opinions. But the Court is convinced, in light of the entire decision of the ALJ, that this was merely an inartfully-crafted sentence. In his objections, Davis-Lilly seems to concede this fact, but still believes that there was error in both the ALJ's and the R&R's analysis of Dr. Lewin's opinion. As explained herein, the Court disagrees.

determination rests solely with the ALJ"). Therefore, the ALJ's failure to adopt all of Dr. Lewin's proposed limitations was not improper.

### III. CONCLUSION

For the reasons discussed above, Davis-Lilly's objection is overruled, and the R&R is accepted. Because the Commissioner's decision was supported by substantial evidence, it is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: January 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**